NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILDER BENEDICTO BARRIOS JUAREZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.    18-73128 <br><br> Agency No. A206-632-616 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2023**
San Francisco, California

Before:  FRIEDLAND, BADE, and KOH, Circuit Judges.

Wilder Benedicto Barrios Juarez, a native and citizen of Guatemala,

petitions pro se for review of an order of the Board of Immigration Appeals

("BIA") summarily affirming the decision of an Immigration Judge ("IJ") denying

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Where, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision as the final agency determination. *Renteria-Morales v. Mukasey*, 551 F.3d 1076, 1081 (9th Cir. 2008). We deny the petition.

1. Construed liberally, Barrios Juarez's pro se brief does not challenge the IJ's dispositive determination that his proposed particular social groups are not defined with sufficient particularity and are not socially distinct. *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013) (recognizing that issues not specifically raised and argued in a party's opening brief are waived). Even if this issue is not waived, Barrios Juarez has not presented sufficient evidence to compel a finding that Guatemalan society perceives the proposed social groups as distinct. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1180–82 (9th Cir. 2021). Because Barrios Juarez's failure to establish a cognizable social group is dispositive as to his asylum and withholding of removal claims, we need not address any other component of the IJ's reasoning. *See Nguyen v. Barr*, 983 F.3d 1099, 1104 (9th Cir. 2020).

2. Substantial evidence supports the IJ's denial of CAT relief because Barrios Juarez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See*

2

*Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir. 2003).

**PETITION DENIED.**